## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| WEST BEND INSURANCE COMPANY, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No.1:24-cv-1433 ) |
| YESHUA SEEI 2 LLC, | ) ) ) |
| Respondent. | ) |

### PETITION TO APPOINT UMPIRE

NOW COMES the Petitioner, WEST BEND INSURANCE COMPANY ("West Bend"), by and through its counsel, Tressler LLP, and for its Petition to Appoint an Umpire pursuant to a policy of commercial property insurance issued by West Bend to YESHUA SEEI 2 LLC ("YESHUA"), states as follows:

### I.   SUMMARY OF PETITION

1. This is an insurance dispute arising from a claim made under a commercial property policy issued by West Bend to YESHUA (the "Policy").

2. On or about August 15, 2023, YESHUA reported alleged damage to the roof of the property located at 5131 W. American Prairie Dr., Peoria, IL 61615-9239.  The damage was alleged to have been caused by hail.

3. West Bend's investigation, assisted by a professional engineer, revealed that the low-slope membrane roofs were not damaged by hail, but that certain vent hoods and condensing coils had indentations from hail.  However, the estimate to repair those indentations did not exceed the $1,000 deductible.

4.     YESHUA disagreed with West Bend's loss valuation and invoked the Policy's appraisal provision, which is quoted in Paragraph 21 below.  West Bend and YESHUA each selected their respective appraisers.

5.     The appraisers, however, have been unsuccessful in agreeing on an umpire. The appraisal provision in the Policy dictates that the parties should apply to a court having jurisdiction for the appointment of an umpire if there is no agreement between the appraisers.

6.     This Petition asks the Court to resolve the impasse and select an umpire.

## II.     PARTIES

7.      Petitioner West Bend is an insurance company incorporated under the laws of the State of Wisconsin, and which maintains its principal place of business in Washington County, Wisconsin.

8.      Respondent YESHUA is an LLC whose members, Austin A. Seei and David A. Seei, reside in, and are therefore domiciled in, Peoria, Illinois.  They are both therefore citizens of Illinois, meaning YESHUA is also a citizen of Illinois.

## III.     JURISDICTION AND VENUE

9.     Complete diversity of citizenship exists between West Bend, a citizen of Wisconsin, and the defendant, a citizen of Illinois.  The value of the dispute greatly exceeds $75,000, as YESHUA contends that West Bend owes $599,071.65 in coverage.  See YESHUA's Proof of Loss attached hereto as Exhibit A.  This Court therefore has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a).

10.     Venue in this court is proper under 28 U.S.C. §1391(b)(1) and (2) because the defendant resides in this district and the insurance policy that is the subject of this Petition to

Appoint Umpire was issued and delivered in this district. Pursuant to Civil LR 40.1, this case shall proceed in the Peoria division.

### IV.    REQUEST FOR APPOINTMENT OF UMPIRE

11. West Bend issued to YESHUA a commercial property policy of insurance, policy number B016935-1, for the period February 28, 2023 to February 28, 2024. The Policy is attached hereto as Exhibit B.

12. The Policy provides first-party property coverage, subject to all of its terms, definitions and exclusions.

13. YESHUA submitted an insurance claim to West Bend on August 15, 2023, allegedly related to a hailstorm.

14. West Bend retained a forensic engineering firm to investigate the claim, and they concluded that the low-slope membrane roofs above the building were not damaged by hail. See the Forensic Engineering Report prepared by Nederveld, Inc., attached hereto as Exhibit C.

15. However, the professional engineering firm also opined that a recent hail event resulted in indentations in certain vent hoods and condensing coils. *Id.*

16. West Bend concluded that the cost to repair the indentations to the relevant vent hoods and condensing coils did not exceed the $1,000 deductible. As such, no payment was made to YESHUA.

17. YESHUA disagreed with West Bend's determination and invoked the Policy's appraisal clause.

18. West Bend identified Wes Anderson of Anderson Insurance Services, LLC as its appraiser.

19. YESHUA identified Marshall Daily of Central Adjusting Group as its appraiser.

20. The parties' appraisers have been unable to agree to an umpire.

21. The Policy contains the following provisions regarding the appraisal.

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

> **2. Appraisal**
>
> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> **a**. Pay its chosen appraiser; and
> **b**. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we still retain our right to deny the claim.

See Exhibit B, form CP 00 10 10 12, page 10 of 16.

22. Because the appraisers have been unable to agree on an umpire, West Bend respectfully petitions the Court to appoint the umpire.

23. Having an umpire with subject matter expertise improves the efficiency and efficacy of the appraisal process. West Bend, therefore, respectfully asks that the person appointed as an umpire by the Court have significant background, knowledge and experience in roofing matters, with commercial property insurance issues/disputes generally, and particular knowledge regarding hailstorm coverage disputes.

24. To that end, West Bend proposes the following professionals as potential umpires for the Court's consideration:

   a. Charles E. Gasser. See CV attached hereto as Exhibit D.

    **b.** Randall S. Rapp.  See CV attached hereto as Exhibit E.

    **c.** Ben Smith.  See CV attached hereto as Exhibit F.

25.    There is no evidence of bias or other reason to suspect impartiality of the umpires proposed in this Petition.

**WHEREFORE**, Petitioner, WEST BEND INSURANCE COMPANY, respectfully asks the Court to appoint an umpire from the list of names submitted in this Petition and for all other relief it deems equitable and just.

Dated: October 30, 2024

                                            Respectfully submitted,

                                            WEST BEND INSURANCE COMPANY

                                            By:   */s/ Daniel J. Cunningham*
                                            One of Its Attorneys

Daniel J. Cunningham (dcunningham@tresslerllp.com)
TRESSLER LLP
233 S. Wacker Drive – 61st Floor
Chicago, IL 60606-6359
312/627-4000